1
2
3
4
5
6
7
8
9 # UNITED STATES DISTRICT COURT

10 ## EASTERN DISTRICT OF CALIFORNIA

11

12 HAI CI FU,                                 ) 1:09-CV-00436 GSA HC
                                             )
13                        Petitioner,        ) ORDER DISMISSING PETITION FOR WRIT
                                             ) OF HABEAS CORPUS
14        v.                                 )
                                             ) ORDER DIRECTING CLERK OF COURT TO
15                                           ) ENTER JUDGMENT AND CLOSE CASE
                                             )
16 ERIC H. HOLDER, JR., et al.,              )
                                             )
17                        Respondents.       )
   _____ )
18

19        Petitioner, currently in the custody of the Bureau of Immigration and Customs

20 Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus

21 pursuant to 28 U.S.C. § 2241. Petitioner has returned his consent/decline form indicating consent

22 to Magistrate Judge jurisdiction. The petition alleges that the continued, indefinite detention of

23 the petitioner violates his Constitutional rights.

24                              **FACTUAL SUMMARY**[1]

25        Petitioner is a native and citizen of China.  Petitioner is currently being detained at the

26 Kern County Jail in Bakersfield, California. On January 18, 2006, the order issued by the

27

28 _____
          [1]This information is derived from Petitioner's petition for writ of habeas corpus.

Immigration Judge deeming Petitioner inadmissible and ordering him removed became final. He is now subject to a final order of removal. He entered ICE custody on December 23, 2008, and has been detained continuously by ICE since that date.

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9ᵗʰ Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9ᵗʰ Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9ᵗʰ Cir.1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[2] "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, Petitioner states that he is being indefinitely detained by ICE in violation of his Constitutional rights. This issue was addressed by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

In Zadvydas, the U.S. Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority. Id. at 678. In addition, the Court held that the Immigration and Nationality Act's (INA) post-removal-period detention statute does not permit indefinite detention but "implicitly

---

[2]The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Id at 689. When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." Id. at 699. In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," the Bureau's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration." Id. at 700. The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*. Id. at 701 (italics added). The burden is on the alien to show that there is no reasonable likelihood of repatriation. Id. ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). After six months and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. However, where an alien seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review. See, Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148- 49, 87 S.Ct. 1507 (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

In this case, Petitioner has remained in the custody of the BICE since December 23, 2008. Petitioner's current detention is still within the six month "presumptively reasonable period of detention." Id. Moreover, the court notes that with respect to Chinese nationals, efforts at repatriation are generally successful. Petitioner's allegation alone is, therefore, insufficient to overcome the presumption of reasonableness of the six month period and his claims of constitutional violations are not ripe for review. Should Petitioner's detention continue past the

3

six month presumptive period, he may re-file the instant federal action and obtain review. At that time, however, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED as the claims raised are not ripe for federal review;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) As Petitioner's detention does not arise out of a process issued by a state court, a certificate of appealability is not required. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).


IT IS SO ORDERED.

**Dated:    May 20, 2009**          **/s/ Gary S. Austin**
                          UNITED STATES MAGISTRATE JUDGE